In the Matter of Disciplinary Proceedings Against
John Miller Carroll, Attorney at Law.

Office of Lawyer Regulation f/k/a Board of
Attorneys Professional Responsibility,
Complainant-Appellant-Respondent,

v.

John Miller Carroll,
Respondent-Respondent-Appellant.

Supreme Court

*No. 2000AP1426–D. Decided July 6, 2005.*

2005 WI 101

(Also reported in 700 N.W.2d 1.)

¶ 1. PER CURIAM. We review the recommendation of the referee that John Miller Carroll's license to practice law in Wisconsin be reinstated upon certain conditions. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that John Miller Carroll's license to practice law be reinstated. We also agree with the referee that it is appropriate to impose certain conditions upon the reinstatement. In addition, we find it appropriate that Mr. Carroll pay the costs of the reinstatement proceeding, which are $3695.31 as of June 17, 2005.

¶ 2. Mr. Carroll was admitted to practice law in Wisconsin in 1987. In 1992 he received a private reprimand for failing to hold funds in trust in which both he and his former law firm claimed an interest. In 1997 he received a private reprimand for performing work for a client after his services were terminated and for misrepresenting that he had filed a motion on behalf of the client. In 1999 he received a public reprimand for neglect of a matter, failing to communicate with a client, and failing to return a retainer.

¶ 3. Mr. Carroll's license to practice law was suspended for one year commencing on January 10, 2002. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, 248 Wis. 2d 662, 636 N.W.2d 718. In that disciplinary proceeding Mr. Carroll was found to have committed eight counts of professional misconduct, four of which related to trust account and associated retainer and legal fee matters. The other four counts of misconduct involved failure to diligently pursue a

client's claim, failure to keep a client reasonably informed about the status of a matter, failure to disclose to and cooperate with the Board of Attorneys Professional Responsibility (the predecessor to the Office of Lawyer Regulation (OLR)), and engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation. While suspended Mr. Carroll consented to the issuance of a public reprimand for pre-suspension conduct involving loaning funds to a personal injury client in conjunction with a pending litigation.

¶ 4. Mr. Carroll petitioned for reinstatement of his license to practice law in October 2002. Following a hearing in April 2003, the referee issued a report recommending that the petition for reinstatement be denied. Mr. Carroll filed an appeal. After full briefing and oral argument, this court denied the petition for reinstatement. *See In re Disciplinary Proceedings Against Carroll,* 2004 WI 19, 269 Wis. 2d 172, 675 N.W.2d 792. The opinion stated that Mr. Carroll could file a new petition for reinstatement of his license six months after the date of the court's decision.

¶ 5. Mr. Carroll filed his second petition for reinstatement in September 2004. The referee, Judith Sperling-Newton, held a hearing in January 2005, and issued her report on May 27, 2005. In her report the referee noted that Mr. Carroll called seven witnesses at the hearing and also testified on his own behalf. The referee said that for the most part all witnesses "had an absolute trust in petitioner's honesty and integrity, to the point of asking him to handle their personal real estate business." The referee said there was no evidence that Mr. Carroll had engaged in the practice of law

117

while he was suspended or that he in any other way violated the provisions of SCR 22.26[1] since the date of his suspension.

---

[1] SCR 22.26 provides: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

¶ 6. The referee noted that SCR 22.31(1)[2] provides the standard to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory and convincing evidence that he or she has the moral character to practice law, that his or her resumption of

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

(3) Proof of compliance with this rule is a condition precedent to reinstatement of the attorney's license to practice law.

[2] SCR 22.31(1) provides: Reinstatement hearing.

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he or she has complied with SCR 22.26 and the terms of the suspension. In addition to these requirements, SCR 22.29(4)[3] states related requirements that a petition for reinstatement must show. All of these additional requirements are effec-

---

[3] SCR 22.29(4) provides: Petition for reinstatement.

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

120

tively incorporated into SCR 22.31(1). The referee concluded that Mr. Carroll met all of the criteria for reinstatement and met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated.

¶ 7.   The referee recommended that, for two years following the reinstatement of his license, Mr. Carroll be subject to the following conditions:   (1) that the court impose a reporting and monitoring requirement relating to Mr. Carroll's trust account; (2) that Mr. Carroll be required to provide the OLR with quarterly reports showing that his trust account management and record keeping comply with the Rules of Professional Conduct; (3) that Mr. Carroll be required to provide promptly to the OLR any and all additional trust account or client records that the OLR may request; and (4) that the OLR have the authority in its supervisory capacity to ensure that Attorney Carroll is at all times in compliance with the provisions of an office management plan which he furnished to the OLR on February 14, 2005. The OLR informed the court that after receiving and reviewing the referee's report and recommendation, the OLR would not be filing an appeal.

¶ 8.   After a review of the record we conclude that John Miller Carroll has established by clear, satisfactory and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

we agree with the referee's recommendation that Mr. Carroll's license to practice law in Wisconsin be reinstated.

¶ 9. IT IS ORDERED that the petition for reinstatement of the license of John Miller Carroll to practice law in Wisconsin is granted, effective the date of this order.

¶ 10. IT IS FURTHER ORDERED that, as a condition of reinstatement, for a period of two years John Miller Carroll shall submit to an audit of his client trust account, at his own expense, at least quarterly, as required by the OLR.

¶ 11. IT IS FURTHER ORDERED that, as a condition of reinstatement, for a period of two years John Miller Carroll shall be required to provide the OLR with quarterly reports showing that his trust account management and record keeping comply with the Rules of Professional Conduct.

¶ 12. IT IS FURTHER ORDERED that, as a condition of reinstatement, for a period of two years John Miller Carroll shall be required to provide promptly to the OLR any and all additional trust account or client records that the OLR may request.

¶ 13. IT IS FURTHER ORDERED that, as a condition of reinstatement, for a period of two years the OLR shall have the authority in its supervisory capacity to ensure that John Miller Carroll is at all times in compliance with the provisions of the office management plan which he furnished to the OLR on February 14, 2005.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order John Miller Carroll shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time

specified, and absent a showing to this court of his inability to pay the costs within that time, the license of John Miller Carroll to practice law in Wisconsin shall be suspended until further order of the court.